**Discover Bank v. Andresen**

*William T. Molczan,* for plaintiff.
*David Francis Andresen,* pro se.

ASHWORTH, *J.,* May 22, 2008—Before the court is plaintiff Discover Bank's motion for summary judgment based on the "deemed" admissions of defendant David Francis Andresen. For the reasons set forth below, this motion will be granted.

## I. BACKGROUND

In this case, Discover Bank filed a complaint on October 31, 2007, charging defendant with failure to pay a credit card bill. Defendant filed a pro se answer on January 15, 2008, denying the existence of a credit card debt with the bank. On February 27, 2008, Discover Bank served defendant with a request for admissions and requests for production of documents in support of the averments set forth in defendant's answer. Under

Pa.R.C.P. 4014, answers (or objections) were due no later than March 28, 2008.

On April 14, 2008, Discover Bank filed a motion for summary judgment based upon the "deemed" admissions of defendant for failure to respond to the request for admissions. Despite a notice to plead, no response to the motion was filed by defendant. On May 8, 2008, a praecipe to assign the pending motion to the court for disposition was filed by Discover Bank. Thirty days have now passed since the filing of motion for summary judgment and no response or brief in opposition has been filed by defendant.

## II. DISCUSSION

Pennsylvania Rules of Civil Procedure 1035.1 through 1035.5 govern the summary judgment motion in this matter. Under Rule 1035.2:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, a party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Therefore, a motion for summary judgment is based upon an evidentiary record which entitles the moving party to judgment as a matter of law, and which is one of two types: (1) the record shows the material facts are undisputed, and hence no issue exists to be submitted to the jury; or (2) the record contains insufficient evidence of facts to make out a prima facie cause of action or defense and, hence, there is no issue to submit to the jury. In the latter instance, the motion for summary judgment is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion.

The burden of responding to a motion for summary judgment is set forth in Pa.R.C.P. 1035.3:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings but *must file a response* within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." (emphasis added)

In responding to a motion for summary judgment, an adverse party under Rule 1035.2(b) "may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the

motion and any action proposed to be taken by the party to present such evidence."

As noted above, defendant has failed to offer any response to the motion. Rule 1035.2(d) provides: "Summary judgment may be entered against a party who does not respond." Under the circumstances of this case, defendant is deemed not to oppose the motion for summary judgment for failing to respond.

A motion for summary judgment will not, however, be automatically granted simply because the nonmoving party has failed to respond. The evidentiary record must establish that the moving party is entitled to judgment as a matter of law. In this case, Discover Bank relies upon its request for admissions to establish the lack of any genuine issue of material fact and, thus, its right to summary judgment.

The Pennsylvania Rules of Civil Procedure allow a party, after an action has been commenced, to serve upon any other party a written request for admissions. Pa.R.C.P. 4014(a). The rules provide that once a party has been served with a request for admissions, if the party does not respond by a verified answer, or by properly signed objections, to each matter as to which an admission is requested, within 30 days of the date of service, the matter is admitted. Pa.R.C.P. 4014(b).

Plaintiff, in its motion for summary judgment, relies upon the request for admissions which stated, inter alia: that defendant applied for a Discover Bank credit card; that defendant has not paid for any goods and services obtained through the use of the credit card since September 2, 2006; that the statements attached to the discovery

requests correctly identified the payments, charges and balances on the account; that defendant has not submitted any written disputes as to billing inaccuracies; and that defendant is indebted to Discover Bank in the amount of $8,821.79 (as of October 31, 2007). See nos. 1-5 of the request for admissions.

Given the above admissions, this court must conclude that there are no genuine issues of material fact at issue in this case and that Discover Bank has established its right to summary judgment as a matter of law.

Accordingly, we enter the following:

ORDER

And now, May 22, 2008, upon consideration of the motion for summary judgment of plaintiff Discover Bank, and the brief filed in support thereof, it is hereby ordered that this motion is granted and judgment is entered against defendant David Francis Andresen in the amount of $8,821.79, with interest at the rate of 6.0 percent per annum from the date of judgment, plus attorneys' fees of $1,000, and costs.